# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUANITA PITTI, an individual and<br>GARCILASO GUTIERREZ, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>ALBERTSONS, LLC, a Nevada corporation,<br>a/k/a ALBERTSONS, INC., a Nevada<br>corporation d/b/a SAV-ON PHARMACY; LAS<br>VEGAS METROPOLITAN POLICE<br>DEPARTMENT; DOES I-X and ROES I-X,<br><br>    Defendants. | Case No.: 2:11-cv-00280-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Dismiss–#6) |

Before the Court is Defendant Las Vegas Metropolitan Police Department's ("Metro") **Motion to Dismiss** (#6, filed Mar. 1, 2011). The Court has also considered Plaintiffs Juanita Pitti and Garcilaso Gutierrez' Opposition (#13, filed Mar. 18, 2011), and Metro's Reply (#14, filed Mar. 25, 2011).

## BACKGROUND

This dispute arises from alleged events that happened at an Albertson's grocery store when Pitti attempted to purchase prescription medication at the pharmacy. In December

1

2008, Pitti went to an Albertson's and requested a prescription be filled at the pharmacy. The pharmacist or pharmacy technician falsely believed that Pitti was attempting to illegally obtain prescription drugs and so called Metro. Metro sent officers to investigate the situation. When the officers arrived they tried to explain the situation to Pitti in English. However, since her primary language is Spanish, she apparently didn't understand exactly what was going on. The officers decided to detain Pitti while they investigated and placed her in handcuffs, allegedly injuring her shoulder. After reviewing the closed circuit video of the events, the Metro officers decided to release Pitti.

Plaintiffs filed their complaint in the Eighth Judicial District Court for the State of Nevada an October 27, 2010. Plaintiffs allege multiple state law tort claims against both Albertson's and Metro and also allege a 28 U.S.C. § 1983 claim against Metro. Metro has since filed a motion seeking dismissal of the state law tort claims plead against it based on NRS § 41.036's claims notice requirement. For the reasons discussed below, the Court grants Metro's motion and dismisses the state law tort claims plead against Metro.

**DISCUSSION**

**I.      Legal Standard**

Under Federal Rule of Civil Procedure 12(h)(2), a motion for failure to state a claim upon which relief can be granted can be brought as a Rule 12(c) motion for judgment on the pleadings. As such, the standard is the same as that for a Rule 12(b)(6) motion. A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus,

to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**II.    Analysis**

Nevada law states that a person who has a tort claim against a political subdivision of the State must file notice of the claim to the governing body of that subdivision within two years of the time the cause of action accrues. NRS § 41.036(2). NRS § 41.036(2) applies in this case because Metro is a political subdivision of the State.

Plaintiffs do not dispute that they did not give Metro notice of their claims within the two year notice period. But Plaintiffs argue that they complied with NRS 41.036(2) by filing the complaint in state court within the two-year period even though they did not serve notice on Metro until two months after the required notice period expired. Since this statute does not have a built-in grace period, however, substantial compliance does not suffice and filing the action with the state court does not provide notice to Metro until it is served. *Zaic v. Las Vegas Metro. Police Dept.*, 2:10-cv-01814-PMP-GWF, 2011 WL 884335, *5 (D. Nev. Mar. 11, 2011) (holding that

service of the complaint one month after the notice period expired was insufficient to comply with the NRS § 41.036(2)).  Therefore, Plaintiffs' claim is barred because Plaintiff did not serve notice of the complaint within the time period set forth by the statute.  *Id.*; *see also Hartim v. Las Vegas Metro. Police Dept.*, 2:11-cv-00003-RLH-PAL, 2011 WL 2690148 (D. Nev. July 11, 2011) (same).  As can be seen, this Court routinely dismisses state tort claims where plaintiffs fail to provide the notice required by NRS § 41.036(2).  *Id.*  Because Plaintiffs gave notice outside of the notice period, the Court dismisses Plaintiffs' fourth, fifth, seventh, eleventh, thirteenth, and fourteenth claims against Metro (the state tort claims).  Plaintiffs § 1983 claim against Metro and state tort claims against Albertson's remain.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Metro's Motion to Dismiss (#6) is GRANTED.

Dated: August 1, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)

4